1    BROWNE GEORGE ROSS
     O'BRIEN ANNAGUEY & ELLIS LLP
2    Peter Obstler (State Bar No. 171623)
        pobstler@bgrfirm.com
3    Eric M. George (State Bar No. 166403)
        egeorge@bgrfirm.com
4    Dennis S. Ellis (State Bar No. 178196)
        dellis@bgrfirm.com
5    Debi A. Ramos (State Bar No. 135373)
        dramos@bgrfirm.com
6    2121 Avenue of the Stars, Suite 2800
     Los Angeles, California 90067
7    Telephone: (310) 274-7100
     Facsimile: (310) 275-5697
8

9    Attorneys for Kimberly Carleste Newman, Lisa
     Cabrera, Catherine Jones, Denotra Nicole Lewis,
10   Andrew Hepkins, Harvey Stubbs, Khalif
     Muhammad, Keu Reyes and Osiris Ley
11

12                   UNITED STATES DISTRICT COURT

13        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15   Kimberly Carleste Newman, Lisa Cabrera,          Case No. 5:20-cv-04011-LHK
     Catherine Jones, Denotra Nicole Lewis,
16   Andrew Hepkins, Harvey Stubbs, Khalif            **PLAINTIFFS' NOTICE OF MOTION
     Muhammad, Keu Reyes and Osiris Ley               AND MOTION TO STRIKE PORTIONS
17                                                    OF DEFENDANTS' 12(b)(6) MOTION
                 Plaintiffs,                          AND EXHIBITS; OR IN THE
18                                                    ALTERNATIVE TO CONVERT THE
              vs.                                     MOTION TO A RULE 56 MOTION;
19                                                    MEMORANDUM OF POINTS AND
     Google LLC, YouTube LLC, Alphabet Inc.           AUTHORITIES IN SUPPORT THEREOF**
20   and Does 1 through 100, inclusive,
                                                      **(*Filed concurrently with Declaration of Debi
21               Defendants.                          Ramos in Support of Motion; (Proposed)
                                                      Order Granting Plaintiffs' Motion*)**
22

23                                                    Judge:    Hon. Judge Lucy H. Koh
                                                      Date:     March 11, 2021
24                                                    Time:     1:30 p.m.
                                                      Crtrm.:   8
25

26                                                    Trial Date:  None Set

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6)
MOTION**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION...................................................................................................... 5

II.  RELEVANT FACTS ................................................................................................ 6

     A.   Defendants Attach Fourteen Exhibits Without Foundational Facts ........................ 6

     B.   Defendants Make Numerous Improper Assertions of Fact...................................... 7

III. THE COURT SHOULD CONVERT DEFENDANTS' RULE 12(b)(6) MOTION
     TO A RULE 56 MOTION FOR SUMMARY JUDGMENT BECAUSE
     DEFENDANTS RAISE MATERIAL ISSUES OF DISPUTED FACT IN THEIR
     MOVING PAPERS ................................................................................................... 9

IV.  IN THE ALTERNATIVE, THE COURT SHOULD STRIKE DEFENDANTS'
     UNSUPPORTED OR UNSUPPORTABLE FACTUAL ASSERTIONS AND
     EXHIBITS ............................................................................................................... 11

     A.   The Court Should Strike Defendants' Exhibits .................................................... 11

          1.   Defendants failed to provide any foundation for purposes of
               establishing the authenticity or relevancy of the Exhibits........................... 11

          2.   Defendants are presenting exhibits which are not subject to a request
               for judicial notice ..................................................................................... 13

     B.   The Court Should Strike Defendants' Improper Unsupported/Unsupportable
          Factual Assertions.............................................................................................. 14

V.   CONCLUSION ....................................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

*BJC Health System v. Columbia Cas. Co.*,
5
   713 F.3d 502 (8th Cir. 2013) ....................................................................... 11

6

*Carter v. Stanton*
   (1972) 405 U.S. 669 ................................................................................... 10

7

*Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*
8
   (1st Cir. 1993) 993 F.2d 269.................................................................... 13

9

*Coto Settlement v. Eisenberg*
   (9th Cir. 2010) 593 F.3d 1031 .......................................................... 12, 14
10

*Doe v. Webster*,
11
   606 F.2d 1226 ...................................................................................... 6, 11

12

*Duncan v. Cohen*,
13
   No. C08-2243 BZ, 2008 WL 2891065 (N.D. Cal. July 22, 2008)..................... 6, 10

14

*Edison v. GEO Grp.*,
15
   No. 1:12-CV-01933 AWI, 2013 WL 459891 (E.D. Cal. Feb. 4, 2013)................... 6

16

*Global Network Communications, Inc. v. City of New York*,
   458 F.3d 150 (2nd Cir. 2006) ...................................................................... 10

17

*Haley v. City of Boston*
18
   (1st Cir. 2011) 657 F.3d 39 ......................................................................... 10

19

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
   494 F.3d 1203 (9th Cir. 2007) .................................................................... 10
20

*Intermedics, Inc. v. Ventritex Co.*,
21
   991 F.2d 808 (Fed. Cir. 1993) ................................................................ 6, 11

22

*Intermedics, Inc. v. Ventritex, Inc.*,
23
   775 F.Supp. 1269 (N.D. Cal. 1991) ......................................................... 6, 11

24

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*
   (9th Cir. 2007) 4599 F.3d 1048 ................................................................. 13

25

*Johnson v. Federal Home Loan Mortg. Corp.*
26
   (9th Cir. 2015) 793 F.3d 1005 .................................................................... 11

27

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
   No. CV1202943MMMFFMX, 2012 WL 12887749 (C.D. Cal. Aug. 21, 2012) ................... 6
28

**TABLE OF AUTHORITIES**
(Continued)

Page

*In re NASDAQ Market-Makers Antitrust Litigation*,
    164 F.R.D. 346.................................................................................. 6, 11

*Odish v. Cognitive Code Corp.*,
    No. CV129069FMOJCGX, 2013 WL 12129865 (C.D. Cal. July 29, 2013) .......................... 6

*Parrino v. FHP, Inc.*
    (9th Cir. 1998) 146 F.3d 699 ..................................................... 14

*Paulsen v. CNF, Inc.*
    (N.D. Cal. 2005) 391 F.Supp.2d 804 ........................................... 10

*Prager Univ. v. Google LLC*,
    2019 Cal. Super. LEXIS 2034 (Cal. Super. Ct. Nov. 19, 2019)........................................ 9, 15

*Price v. Philpot*
    (10th Cir. 2005) 420 F.3d 1158 .................................................. 10

*Rodriguez v. Wells Fargo Bank, N.A.*,
    No. 11-CV-05172 RMW, 2011 WL 6304152 (N. D. Cal. Dec. 16, 2011) ....................... 6, 10

*Schmitz v. Mars, Inc.*,
    261 F.Supp.2d 1226 (D. Ore. Mar. 6, 2003) ................................... 6, 11

*Sierra Pacific Industries v. U.*
    *S. Dept. Agriculture*, 40 Media L. Rep. 1499 ............................... 6, 11

*Williams v. County of Alameda*
    (N.D. Cal. 2014) 26 F.Supp.3d 925 ............................................ 10

**Statutes**

42 U.S.C. §1981 ................................................................................. 5

**Other Authorities**

California Rules of Court, Rule 8.1115 ................................................ 15

Local Rule 7-14 ............................................................................. 15

Local Rules, Rule 3-4(3) .................................................................. 15

Rule 12(b)(6) .......................................................................... *passim*

Rule 12(b) of the Federal Rules of Civil Procedure .......................... 2, 10

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1

## TABLE OF AUTHORITIES
### (Continued)

2                                                                                                                    **Page**

3   Rule 56 .................................................................................................................. *passim*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION TO STRIKE

TO DEFENDANTS GOOGLE LLC AND YOUTUBE LLC AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 11, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard by the Honorable Lucy H. Koh of the United State District Court for the Northern District of California, located in Courtroom 8, Fourth Floor, 280 South 1st Street, San Jose, California, Plaintiffs Kimberly Carleste Newman, Lisa Cabrera, Catherine Jones, Denotra Nicole Lewis, Andrew Hepkins, Harvey Stubbs, Khalif Muhammad, Keu Reyes and Osiris Ley (collectively "Plaintiffs") will respectfully move this Court for an order (i) converting the Defendants' Motion to a Federal Rules of Civil Procedure, Rule 56 Motion and authorizing Plaintiffs to conduct discovery in order to oppose that motion, or, in the alternative,  (ii) striking specified portions of Defendants' Motion to Dismiss ("MTD") dated November 2, 2020, and Exhibits thereto, on grounds that they are not properly before Court in connection with a motion under Federal Rules of Civil Procedure, Rule 12(b)(6) and other applicable law.

This motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, attached hereto; the Declaration of Debi Ramos in Support and Related Exhibits, filed concurrently herewith; as well as the pleadings, records and papers on file in this action, oral argument of counsel, and any other evidence that is presented to the Court at the time of the hearing.

DATED:  January 20, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP

By: _____
          Debi Ramos
Attorneys for Plaintiffs Kimberly Carleste Newman,
Lisa Cabrera, Catherine Jones, Denotra Nicole Lewis,
Andrew Hepkins, Harvey Stubbs, Khalif Muhammad,
Keu Reyes and Osiris Ley

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

## REQUESTED RELIEF AND ISSUES

In accordance with Rule 12(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court convert Defendants' Motion to Dismiss to a Motion for Summary Adjudication under Federal Rules of Civil Procedure, Rule 56, and authorize Plaintiffs to conduct discovery in order to oppose that motion.

In the alternative, the Court should strike the following Exhibits attached to the Declaration of Lauren Gallo White on grounds that Defendants have failed to proffer foundational facts sufficient to demonstrate that (a) the documents are authentic, (b) the documents are relevant to the extent that they (i) were referenced or quoted in the Second Amended Complaint, (ii) either were executed by the Plaintiffs, or were incorporated by reference into a contract executed by the Plaintiffs, and (d) the documents predate Plaintiffs' June 16, 2020 Complaint:[1]

1. Exhibit 1: YouTube's "Terms of Service" dated December 10, 2019;
2. Exhibit 2: YouTube's "Terms of Service Terms of Service" predating December 10, 2019;
3. Exhibit 3: YouTube's undated "Community Guidelines" consisting of links to guidelines regarding various subject and other "articles;"
4. Exhibit 4: YouTube's undated "Harassment and Cyberbullying Policy;"
5. Exhibit 5: YouTube's undated "Violent or Graphic Content Policies;"
6. Exhibit 6: YouTube's undated "Hate Speech Policy;"
7. Exhibit 7: YouTube's undated "Rate Your Content With Self-Certification;"
8. Exhibit 8: YouTube's undated "Your Content & Restricted Mode;"
9. Exhibit 9: YouTube's "Update September 2020" "Partner Program Overview & Eligibility,"
10. Exhibit 10: YouTube's undated "Partner Program Terms;"

---

[1] Here, only three of the fourteen exhibits is dated. Of those, two exhibits are dated *after* Plaintiffs filed their Complaint in June of 2020. Before the Court considers any of the electronic documents as relevant to this dispute, the Defendants should at the very least demonstrate that they predate Plaintiffs' lawsuit – otherwise, Defendants could amend the contract documents so as to avoid or undermine Plaintiffs' existing claims.

-2-

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

11. Exhibit 11: YouTube's "Updated October 2020" "Channel Monetization Policies;"

12. Exhibit 12: Google's undated "AdSense Program Policies;"

13. Exhibit 13: Google's undated "Advertiser-Friendly Content Guidelines;"

14. Exhibit 14: Google's undated "AdSense Online Terms of Service."

Plaintiffs also respectfully request that the Court strike and refuse to consider the following passages from the Defendants' Motion and Memorandum of Points and Authorities,[2] on grounds that (a) the passages are not properly supported by the citations to the Second Amended Complaint or authenticated documents attached as Exhibits to the moving papers, (b) the passages are supported by citation to matters upon which the Defendants cannot rely as a matter of law, or (c) the passages are not support by citation to anything at all:

1. MTD 1:28-2:3;

2. MTD 2:4;

3. MTD 2:4-5;

4. MTD 2:22-23;

5. MTD 3:4-5;

6. MTD 2:10-12;

7. MTD 3:8-9;

8. MTD 4:17-20;

9. MTD 15:16-17;

10. MTD 15:17-19;

11. MTD 15:19-22;

12. MTD 15:22-28;

13. MTD 5:20-28;

14. MTD 22:19-22;

---

[2] Full quotations of the Defendants' assertions, along with the full texts cited by Defendants in their moving papers can be found in Exhibits A-C to the Declaration of Debi Ramos, filed concurrently herewith.  The paragraph numbers in the Exhibits correspond with the numbers of the passages set forth herein.

-3-

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1    15. MTD 22:22-25;

2    16. MTD 4:2-4;

3    17. MTD 23:6-14;

4    18. MTD 4:11-14;

5    19. MTD 5:11-13;

6    20. MTD 8:15-18;

7    21. MTD 8:19-20;

8    22. MTD 9:16-18;

9    23. MTD 10:4-10;

10   24. MTD 10:3-20;

11   25. MTD 10:21-26;

12   26. MTD 2:5-9;

13   27. MTD 2:14-16;

14   28. MTD 3:15-19;

15   29. MTD 2:25-3:1;

16   30. MTD 3:1-3; and

17   31. MTD 2:23-25.

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The Plaintiffs' Second Amended Complaint ("SAC") alleges that on September 14, 2017, Defendants admitted that the software they use to make decisions about filtering and blocking content and access to services is based (at least in part) on the identity of both the creators and their viewers, including considerations of race, gender, and sexual orientation.  SAC ¶51. Defendants admitted previously that their decisions regarding filtering and blocking content and access to services were based on the identity of users.  SAC ¶¶49-50.  After three years, Defendants have failed to fix the software; accordingly, video curation, filtering and monetization decisions continue to be made based on the identity, including the race, of the creators or viewers. *See* SAC ¶¶50, 52.  Defendants' admissions and failure to fix the problem reflect a conscious decision to continue using software that considers race in the filtering and blocking content and access to services, and evidence Defendants' intention to engage in race based discrimination. SAC ¶¶61-62.

On a Motion to Dismiss under Rule 12(b)(6), Defendants cannot argue they do not consider the race of YouTube users in filtering and blocking content and access to YouTube.  *See* MTD 2:4 (plaintiffs' "claims are false and unsupported by anything other than baseless rhetoric"); 1:28-2:3 (plaintiffs' claims are "just different views about how YouTube's policies should be applied or possible imperfections in YouTube's content review systems").  Thus to the extent that Defendants seek to disprove their own admissions and other factual allegations that they knowingly discriminate on the basis of race, Defendants have presented fourteen Exhibits which purport to be "contract" documents.  Defendants also incorporated roughly two and one-half dozen factual assertions, most of which are based loosely on the unauthenticated Exhibits, asking the Court to find that Plaintiffs failed to demonstrate facts upon which relief may be granted under 42 U.S.C. §1981 and the Unruh Act.  That is improper because Rule 12(b)(6) is not a vehicle to adduce new evidence, dispute one's own admissions, or otherwise challenge Plaintiffs' other allegations that Defendants are using Plaintiffs' race or personal identity or viewpoints to filter and block content and access to services in violation of YouTube's neutral content based rules.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

Rule 12(b)(6) motions serve to test the sufficiency of ***Plaintiffs' allegations*** as set forth in the Complaint.  They are not designed to test the ***sufficiency of the evidence*** in support of Plaintiffs' claims for relief at the outset of litigation.  Accordingly, the Court should either (i) convert Defendants' Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment under Rule 56, and allow the parties to conduct discovery regarding the factual issues and disputes that arise in the Defendants' Motion to Dismiss (*see Rodriguez v. Wells Fargo Bank, N.A*., No. 11-CV-05172 RMW, 2011 WL 6304152, at *3-4, 5 (N. D. Cal. Dec. 16, 2011); *Duncan v. Cohen*, No. C08-2243 BZ, 2008 WL 2891065, at *5 (N.D. Cal. July 22, 2008); *Intermedics, Inc. v. Ventritex, Inc.*, 775 F.Supp. 1269, 1275 (N.D. Cal. 1991), aff'd sub nom. *Intermedics, Inc. v. Ventritex Co.*, 991 F.2d 808 (Fed. Cir. 1993); *see also Edison v. GEO Grp*., No. 1:12-CV-01933 AWI, 2013 WL 459891, at *3 (E.D. Cal. Feb. 4, 2013); *Odish v. Cognitive Code Corp*., No. CV129069FMOJCGX, 2013 WL 12129865, at *2 (C.D. Cal. July 29, 2013); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV1202943MMMFFMX, 2012 WL 12887749, at *2 (C.D. Cal. Aug. 21, 2012)); or (ii) strike Defendants' unsupported factual allegations and improper Exhibits before ruling on Defendants' Motion.  *See Schmitz v. Mars, Inc*., 261 F.Supp.2d 1226, 1229 (D. Ore. Mar. 6, 2003) (striking declaration and exhibit submitted in connection with a motion to dismiss); *see also Doe v. Webster*, 606 F.2d 1226, 1243 (courts "strike improper evidence"); *In re NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346, 249-250 ((citing *Jenkins v. City of New York*, No. 91 Civ. 3639 (RLC), 1992 WL 147647 (S.D.N.Y. June 15, 1992) (striking affidavit opposing summary judgment as improper hearsay)); *Sierra Pacific Industries v. U.S. Dept. Agriculture*, 40 Media L. Rep. 1499, at *3 ("The court retains the inherent authority to strike any documents it finds to be improper").

## II.   RELEVANT FACTS

### A.   Defendants Attach Fourteen Exhibits Without Foundational Facts

Defendants attach fourteen exhibits to Defense Counsel's Declaration in Support of the Rule 12(b)(6) Motion[3] --  Exhibit 1:  YouTube's "Terms of Service" dated December 10, 2019;

---

[3] Declaration of Lauren Gallo White ("White Dec.").

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1   Exhibit 2:  YouTube's "Terms of Service Terms of Service" predating December 10, 2019;

2   Exhibit 3: YouTube's undated "Community Guidelines" consisting of links to guidelines

3   regarding various subject and other "articles;"  Exhibit 4:  YouTube's undated "Harassment and

4   Cyberbullying Policy;"  Exhibit 5:  YouTube's undated "Violent or Graphic Content Policies;"

5   Exhibit 6:  YouTube's undated "Hate Speech Policy;"  Exhibit 7:  YouTube's undated "Rate Your

6   Content With Self-Certification;"  Exhibit 8:  YouTube's undated "Your Content & Restricted

7   Mode;"  Exhibit 9:  YouTube's September 2020 "Partner Program Overview & Eligibility,"

8   Exhibit 10: YouTube's undated "Partner Program Terms;"  Exhibit 11:  YouTube's October 2020

9   "Channel Monetization Policies;"  Exhibit 12:  Google's undated "AdSense Program Policies;"

10  Exhibit 13:  Google's undated "Advertiser-Friendly Content Guidelines;"  and Exhibit 14:

11  Google's undated "AdSense Online Terms of Service."  White Dec., Exhibits 1-14, respectively.

12  The White Declaration does not provide any foundational facts to establish the authenticity of any

13  of these documents (e.g., when they were created, that they were in fact signed electronically by

14  each of the Plaintiffs, when they were signed, whether they were altered or amended after

15  Plaintiffs filed their Complaint in June 2020, and if so, what alterations or amendments were

16  made).  Absent the requisite foundational facts, this Court has no way of knowing that any of the

17  Exhibits (which exist as electronic documents accessed by links on Defendants' platforms) are

18  authentic or relevant to this dispute.

19          **B.    <u>Defendants Make Numerous Improper Assertions of Fact</u>**

20          In an attempt to counter Plaintiffs' allegations that Defendants engage in race based

21  discrimination and have admitted to doing so, Defendants make numerous factual assertions; the

22  assertions are contrary to the SAC allegations; and the assertions are not properly supported by

23  correct citation to the SAC or the Exhibits.  A full list of all of the Defendants' unsupportable

24  assertions is set forth in Exhibit A, along with the full language of the text to which Defendants

25  cite in support of the factual assertions.

26          Defendants' most egregious unsupportable assertions are: (1)  Plaintiffs' alleged wrongs

27  are merely "different views about how YouTube's policies should be applied" or "imperfections in

28  YouTube's content review systems."  MTD 1:28-2:3; *see* Ex.A¶1.  (2)  "Content creators upload

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

videos to YouTube free of charge."  MTD 2:22-23; Ex.A¶4.  (3)  Under the Terms of Service, "YouTube reserves the right to remove content from its platform in its discretion," presumably, including the discretion to remove content because of the race of the creator or viewers of the video.  MTD 15:16-17; Ex.A¶9.  (4) Defendants are authorized by contract to do everything of which the Plaintiffs complain.  *See* MTD 2:10-12; Ex.A¶6.  (5)  Plaintiffs' allegations regarding the eleven categories of wrongful conduct in ¶65 are all encompassed within Defendants' rights to exclude videos content under the Terms of Service.  MTD 15:22-28; Ex.A¶12; MTD 5:20-28; Ex.A¶13.  (6)  Plaintiffs' allegations regarding the eleven categories of wrongful conduct in ¶65 are all decisions of a publisher "regarding whether and how to display content produced by others—what kinds of content to pair with ads, how to organize and present content . . ."  MTD 22:19-25; Ex.A¶14-15.  (7)  Restricted Mode is a "paradigm example of technology designed to 'maximize user control' and to 'empower parents to restrict their children's access to objectionable or inappropriate online material.'"  MTD 23:6-14; Ex.A¶17.

In essence, Defendants deny that they are engaged in intentional race based decisions regarding Restricted Mode and monetization.  They point to non-discrimination language from the YouTube Terms of Service, Community Guidelines and AdSense Terms of Service; then assert that because Defendants' written rules and policies prohibit racism, they are not engaged in racist filtering and blocking of content and access to services.  Defendants also point to their own rules which allow Defendants to remove racist, bullying, harassing content, and to YouTube's new fund to support Black creators, and ask the Court to conclude that there is no evidence that Defendants' have racist intent.  However, in doing so, Defendants entirely ignore the detailed SAC allegations regarding Defendants' prior admissions that curation, filtering and monetization decisions were made based in part on racial considerations.

Having denied that they engage in racist decision making, and that they have even a tiny racist bone in their social media body, Defendants then cobble together a string of blurbs from the Exhibits which generally state that Defendants have discretion to curate videos, filter content, remove content that violates the Terms of Service and Community Guidelines, and have discretion to place ads, where to place them, and the number and qualities of the ads **in order to *suggest*** that

under the Terms of Service and Community Guidelines, **Defendants have _absolute_ discretion regarding Plaintiffs' content,** *including the discretion to make decisions based on the race of the YouTube creators and viewers*.  Fortunately, the Terms of Service and Community Guidelines do not give Defendants "absolute" discretion; but rather, frame Defendants' discretion in the context of what Defendants may do when YouTube users break the Terms of Service and/or Community Guidelines when posting videos on the platform.  The Terms of Service and Community Guidelines frame Defendants' authority to impose restrictions and sanctions as a result of content violations; they do not give Defendants absolute authority to act, much less to act based upon the race of the creators and viewers.

Defendants also attempt to rely on the ruling granting the Defendants' Motion to Dismiss Prager University's state claims in *Prager II*[4] which is improper.  MTD 2:5-9; Ex.B¶26-27; *see also* MTD 23:6-14; Ex.C¶35.

To give the impression that Plaintiffs' allegations are wrong regarding racial discrimination on the platform, Defendants further improperly assert as facts things that are not supported at all by the materials Defendants cited.  For example, Defendants assert that "large numbers" of African American, Puerto Rican and Mexican American content creators use YouTube (MTD 2:25-3:1); that there are "no race-based barriers to entry on YouTube (MTD 3:1-3); and that "YouTube strives to be welcoming to all voices, and the videos . . . reflect a broad diversity of culture, perspective, and background."  MTD 2:23-25.  The Defendants' cited language from the Exhibits and SAC neither support the assertions made, nor do they dispute, much less negate, that Defendants engage in racial discrimination by filtering and blocking content and access to services that is based, at least in part, on race; moreover, that Defendants have been doing so since 2017.

## III.   THE COURT SHOULD CONVERT DEFENDANTS' RULE 12(b)(6) MOTION TO A RULE 56 MOTION FOR SUMMARY JUDGMENT BECAUSE DEFENDANTS

---

[4] *Prager Univ. v. Google LLC*, 2019 Cal. Super. LEXIS 2034 (Cal. Super. Ct. Nov. 19, 2019).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1   **RAISE MATERIAL ISSUES OF DISPUTED FACT IN THEIR MOVING PAPERS**

2          Generally, in ruling on a Motion to Dismiss under Rule 12(b)(6), Courts cannot consider

3   materials outside of the complaint.  *Paulsen v. CNF, Inc.* (N.D. Cal. 2005) 391 F.Supp.2d 804,

4   807.  *Haley v. City of Boston* (1st Cir. 2011) 657 F.3d 39, 46.  The Court should not consider new

5   facts alleged in Defendants' Motion.  "[W]hen a district court relies on material from outside the

6   pleadings, the court converts the motion to dismiss into a motion for summary judgment."  *Price*

7   *v. Philpot* (10th Cir. 2005) 420 F.3d 1158, 1167.  If the Court hears matters outside the pleadings

8   were presented and not excluded, the court is required by Rule 12(b) to treat the motion to dismiss

9   as one for summary judgment and to dispose of it as provided in Rule 56. *Carter v. Stanton* (1972)

10  405 U.S. 669, 671.

11         Here, the Defendants have presented to the Court fourteen documents, three of which were

12  not even alluded to in the Complaint.  Defendants have made numerous factual assertions

13  disputing Plaintiffs' allegations based on those documents, as well as other factual assertions

14  supported by citation to improper materials, and factual assertions that are not supported by any

15  cited material (*see* Ramos Dec. Ex.A-C), to which Plaintiffs object.  Should the Court consider or

16  rely on any of the Exhibits and/or factual assertions to which Plaintiffs object, the Court should

17  treat the motion "as one for summary judgment under Rule 56.  All parties must be given a

18  reasonable opportunity to present all material that is pertinent to the motion."  *Williams v. County*

19  *of Alameda* (N.D. Cal. 2014) 26 F.Supp.3d 925, 936.

20         If Defendants' factual assertions are to be believed, it appears that there may exist a

21  "genuine dispute as to a material fact" regarding whether Defendants base decisions regarding

22  filtering and blocking content and access to services, at least in part, on the race of the creator

23  and/or viewers, and whether Defendants' practices evidence an intention to engage in race based

24  discrimination.  Under the circumstances, the disputed facts should be resolved by a Rule 56

25  Motion, not a Rule 12(b)(6) Motion.  *See Global Network Communications, Inc. v. City of New*

26  *York,* 458 F.3d 150, 154-155 (2nd Cir. 2006); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494

27  F.3d 1203, 1207 (9th Cir. 2007); *see also Rodriguez v. Wells Fargo Bank, N.A*., No. 11-CV-05172

28  RMW, 2011 WL 6304152, at *3-4, 5 (N. D. Cal. Dec. 16, 2011); *Duncan v. Cohen*, No. C08-2243

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1  BZ, 2008 WL 2891065, at *5 (N.D. Cal. July 22, 2008); *Intermedics, Inc. v. Ventritex, Inc.*, 775

2  F.Supp. 1269, 1275 (N.D. Cal. 1991), aff'd sub nom. *Intermedics, Inc. v. Ventritex Co.*, 991 F.2d

3  808 (Fed. Cir. 1993).  If the Court does treat Defendants' Motion as a Rule 56 motion to dismiss,

4  Plaintiffs should be granted leave to conduct discovery regarding the factual dispute over

5  Defendants' filtering and blocking content and access to services based on the race of the creators

6  and viewers.

7  **IV.    IN THE ALTERNATIVE, THE COURT SHOULD STRIKE DEFENDANTS'**

8  **UNSUPPORTED OR UNSUPPORTABLE FACTUAL ASSERTIONS AND**

9  **EXHIBITS**

10      While it is true that the Federal Rule of Civil Procedure expressly authorize motions to

11  strike only pleadings and portions of pleadings, nevertheless, the Court also has inherent authority

12  to strike documents and evidence.  *See Sierra Pacific Industries v. U.S. Dept. Agriculture*, 40

13  Media L. Rep. 1499, at *3 ("The court retains the inherent authority to strike any documents it

14  finds to be improper").  The Court's inherent authority includes the power to strike improper

15  evidence, such as declarations and exhibits.  *See Schmitz v. Mars, Inc.*, 261 F.Supp.2d 1226, 1229

16  (D. Ore. Mar. 6, 2003) (striking declaration and exhibit submitted in connection with a motion to

17  dismiss); *see also Doe v. Webster*, 606 F.2d 1226, 1243 (courts "strike improper evidence"); *In re*

18  *NASDAQ Market-Makers Antitrust Litigation*, 164 F.R.D. 346, 249-250 ((citing *Jenkins v. City of*

19  *New York*, No. 91 Civ. 3639 (RLC), 1992 WL 147647 (S.D.N.Y. June 15, 1992) (striking affidavit

20  opposing summary judgment as improper hearsay)).

21      **A.    The Court Should Strike Defendants' Exhibits**

22          **1.    Defendants failed to provide any foundation for purposes of**

23          **establishing the authenticity or relevancy of the Exhibits**

24      In the context of a Rule 12(b)(6) Motion, the Court may not consider documents that are

25  not indisputably the basis for the contract between the parties, without converting the motion to a

26  Rule 56 Motion.  *See BJC Health System v. Columbia Cas. Co.*, 713 F.3d 502, 511 (8th Cir. 2013).

27  The Court may only consider extrinsic evidence that is not attached to the SAC **where the**

28  **documents' authenticity is not contested, and the SAC necessarily relied on it**.  *See Johnson v.*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6)
MOTION**

*Federal Home Loan Mortg. Corp.* (9th Cir. 2015) 793 F.3d 1005, 1007-1008.  The mere mention of any of the Exhibits in the SAC does not suffice for purposes of allowing the Court to consider the Exhibits.  *See Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031, 1038.

In this case, it is undisputed that the parties are governed by "an online, consumer form service contract(s)."  SAC ¶83.  Those governing agreements include the YouTube Terms of Service ("TOS") (SAC ¶74), "Google's Privacy Policy," and "Community Guidelines" (SAC ¶7, n.2) which have been modified by Defendants 'without notice.'"  SAC ¶77; *see* SAC ¶88 ("Defendants routinely change or amend the provisions of these agreements and do so unilaterally, without adequate notice to users.")  Nonetheless, the Court should not consider the Defendants' Exhibits because (a) the authenticity of those documents is not established; and (b) there is no evidence that the SAC incorporates, quotes or relies on those iterations of the YouTube Terms of Service, Community Guidelines, and AdSense Terms of Service which are attached to the MTD as Exhibits.

The use of online contracts, which Plaintiffs executed electronically, creates special problems in this litigation: only Defendants know which version(s) of the agreements apply to any given Plaintiff, at any point in time.  *See* SAC ¶89.  Plaintiffs "do not have access to or understand the TOS or agreement(s), let alone which version of the TOS and other agreement(s) may govern a particular action or conduct that occurs on a particular date."  SAC ¶90.

Plaintiffs each joined YouTube at different times over a ten year period.  Plaintiff Muhammad joined YouTube in 2006.  SAC ¶315.  Plaintiff Lewis joined YouTube in 2016.  SAC ¶ 247.  The contract documents and attachments in the form of policies and articles are not dated generally; when they do reflect a date, the date is merely the month and year of the last change made to the document; it does not identify the textual change made.  *See* Exhibits 1-14.

Before the Court should consider any of the Exhibits, at the very least, Defendants must provide foundational facts establishing that each of the Plaintiffs executed the contract documents as they appear attached as Exhibits to the White Declaration and provide the date when they were executed.  Absent this information, Defendants' Exhibits may well be documents that were never signed or which were amended or altered *after* Plaintiffs filed their lawsuit, in order to undermine

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1    Plaintiffs' claims, and therefore would be irrelevant to this dispute.  Once the operative YouTube

2    Terms of Service and AdSense Terms of Service are properly identified and dated, Defendants can

3    then identify which of the Community Guidelines and related policies were incorporated by

4    reference in those Terms of Service, and when each was in effect.  Without such foundational

5    information, there is no way to determine which terms and policies were in effect when

6    Defendants restricted, removed, and/or demonetized Plaintiffs videos, and whether Defendants

7    were acting in accordance with their own contractual obligations in doing so.

8          Absent basic foundational facts, the Exhibits constitute facts outside of the Complaint

9    which the Court may not consider.  Nor may the Court take judicial notice *sua sponte* of the

10   Exhibits without first affording Plaintiffs an opportunity to be heard and object.  *See Cooperativa*

11   *de Ahorro y Credito Aguada v. Kidder, Peabody & Co.* (1st Cir. 1993) 993 F.2d 269, 273.  Even

12   where the Court desires to do so; here, where Plaintiffs reasonably dispute the authenticity and

13   relevancy of the Exhibits, the Court should not take judicial notice of the documents.  *See Intri-*

14   *Plex Technologies, Inc. v. Crest Group, Inc.* (9th Cir. 2007) 4599 F.3d 1048, 1052.

15         Where Defendants failed to provide any foundation to establish their Exhibits are contracts

16   between the parties, in effect prior to the filing of the Plaintiffs' Complaint, the Exhibits are

17   irrelevant for purposes of a motion to dismiss.  Accordingly, Plaintiffs object to Exhibits 1-14 on

18   grounds that Defendants failed to authenticate them, and failed to establish that they are relevant to

19   Plaintiffs' claims.  Therefore the Court should strike them as irrelevant.

20         **2.    Defendants are presenting exhibits which are not subject to a request**

21                **for judicial notice**

22         Regardless of whether the Court strikes all of the Exhibits due to the absence of

23   foundational facts, the Court should strike Exhibits 7, 11 and 13, because they do not constitute

24   contract documents and were not incorporated by reference or quoted in the SAC.  Accordingly,

25   Plaintiffs object to Exhibit 7 "Rate Your Content With Self-Certification," Exhibit 11:  YouTube's

26   October 2020 "Channel Monetization Policies," and Exhibit 13:  Google's undated "Advertiser-

27   Friendly Content Guidelines."

28         In ruling on a 12(b)(6) motion, courts may properly consider information from documents

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6)
MOTION**

incorporated by reference into the complaint.  *Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031, 1038.  To consider the Exhibits attached to Defendants' Motion, the Court first must find that they are "integral to the plaintiff's claims and [their] authenticity is not disputed."  *See Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706 n.4 (superseded by statute on other grounds).

Exhibits 7, 11 and 13 are not "integral" to Plaintiffs' claims:  Exhibit 7 is an ***article*** about "self-certification" for users who want to monetize content.  It does not contain contractual terms. Exhibit 11 is not incorporated by reference in the contract documents as defined by the Complaint, which are limited to "YouTube Terms of Service, the Community Guidelines, or the AdSense Terms of Service."  *See* SAC n.2.  Exhibit 13 is another ***article*** discussing "Advertiser-Friendly content."  Even if Defendants were to provide a proper foundation for their Exhibits, the Court should not consider Exhibits 7, 11 or 13 for any purpose in the context of a Rule 12(b)(6) Motion because they constitute Defendants' self-serving publications which are not incorporated into the contract between the parties.  *Cf., Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706 n.4.

**B.      The Court Should Strike Defendants' Improper Unsupported/Unsupportable Factual Assertions**

Defendants make numerous factual assertions quoting or citing to the Exhibits.  To the extent that these assertions are based on the Exhibits, they should be stricken along with the Exhibits.  Defendants also make a number of factual assertions that either have no citation to supporting SAC text,[5] or wrongly cite to passages in the SAC.[6]  To the extent that the SAC paragraphs cited do not support the Defendants' assertions, the Court should strike all such factual assertions.

Defendants further make a number of factual assertions with citation to improper matters,

---

[5] *See* Exhibit C which sets forth Defendants' assertions which are not supported by citation.

[6] *See* Exhibit A which sets forth Defendants' assertions with the text that Defendants wrongly cite in support.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1   such as citation to Judge Walsh's order in *Prager II*.[7]   *See* MTD 2:5-9, 26:6-14. The Civil Local

2   Rules, Rule 3-4(3) prohibits such citation to an "uncertified" court opinion, if it is uncertified

3   pursuant to any rule similar to Local Rule 7-14.   *Prager II* is a Santa Clara County Superior Court

4   decision that is on appeal.  California Rules of Court, Rule 8.1115 prohibits citation to any opinion

5   that is not certified for publication.  Cal. R. Ct., R. 8.1115.  Because *Prager II* has not been

6   certified for publication, Defendants cannot cite or rely on the opinion in this matter.  *See id.; see*

7   *also* Ramos Dec. Ex. B.

8   **V.     CONCLUSION**

9          Defendants appended to their Rule 12(b)(6) Motion numerous Exhibits for which

10   authenticity is not established (and Plaintiffs dispute both authenticity and relevancy), and

11   Defendants make numerous factual assertions (either based on Defendants' foundation free

12   Exhibits, based on improper matters, or based on nothing whatsoever), in order to dispute

13   Plaintiffs' allegations that Defendants engaged in race based filtering and blocking content and

14   access to services, and that they intend to do so.  Under the circumstances, the Court should

15   convert Defendants' Rule 12(b)(6) Motion to a Motion for Summary Adjudication under Rule 56,

16   and allow Plaintiffs to conduct discovery regarding the material facts disputed by Defendants.  In

17   the alternative, the Court should strike the Defendants' Exhibits and the unsupported or improper

18   factual assertions.

19

20

21

22

23

24

25

26

27

28

---

[7] *Prager Univ. v. Google LLC*, 2019 Cal. Super. LEXIS 2034 (Cal. Super. Ct. Nov. 19, 2019).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  January 20, 2020

Respectfully submitted,

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
    Peter Obstler
    Eric M. George
    Dennis S. Ellis
    Debi A. Ramos

By: _____
      Debi Ramos

Attorneys for Plaintiffs Kimberly Carleste Newman,
Lisa Cabrera, Catherine Jones, Denotra Nicole Lewis,
Andrew Hepkins, Harvey Stubbs, Khalif Muhammad,
Keu Reyes and Osiris Ley

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' 12(b)(6) MOTION**