MICHAEL D. GRANSTON
   *Deputy Assistant Attorney General*
ERIC WOMACK
   *Assistant Branch Director*
INDRANEEL SUR
   *Trial Attorney*
   Civil Division, Federal Programs Branch
   indraneel.sur@usdoj.gov
   D.C. Bar No. 978017
   P.O. Box 883
   Washington, D.C.  20044
   Telephone:  (202) 616-8488
   Facsimile:  (202) 616-8470

*Counsel for the United States of America*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY CARLESTE NEWMAN, et al., <br><br>     *Plaintiffs,* <br><br>   vs. <br><br>  GOOGLE LLC, et al., <br><br>     *Defendants.* | Case No. 5:20-cv-04011-LHK <br><br> **MEMORANDUM OF LAW FOR INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(c), AND IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS** <br><br><br> Action Filed: June 16, 2020 <br> Trial Date: None Set <br> Rule 5.1 Notice Filed: June 16, 2020 |

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

STATEMENT ...................................................................................................................... 3

ARGUMENT ....................................................................................................................... 6

    I.    The Court Should First Decide The Potentially Dispositive
         Statutory Issues Because They May Obviate The Need To
         Address Plaintiffs' Constitutional Challenge ........................................ 6

    II.    If The Court Reaches the Question, It Should Conclude That
         Section 230(c) Is Constitutional ............................................................. 7

CONCLUSION .................................................................................................................... 9

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - i -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

1

## TABLE OF AUTHORITIES

2

3

**Cases**

4

*Denver Area Educ. Telecommc's Consortium, Inc. v. FCC,*
   518 U.S. 727 (1996) ...................................................................... 2, 7, 8, 9

5

6

*Divino Grp. LLC v. Google LLC,*
   No. 19-CV-04749-VKD, 2021 WL 51715 (N.D. Cal. Jan. 6, 2021) ...... 1, 2, 6, 7, 8, 9

7

8

*N.Y.C. Transit Auth. v. Beazer,*
   440 U.S. 568 (1979) ...................................................................... 6

9

10

*Prager Univ. v. Google LLC ("Prager I"),*
   No. 17-cv-06064-LHK, 2018 WL 1471939 (N.D. Cal. Mar. 26, 2018) ..................... 9

11

12

*Prager University v. Google LLC ("Prager III"),*
   951 F.3d 991 (9th Cir. 2020) ........................................................... 2, 4, 8, 9

13

14

*Roberts v. AT&T Mobility LLC,*
   877 F.3d 833 (9th Cir. 2017) ........................................................... 2, 9

15

**Statutes**

16

28 U.S.C. § 2403 ............................................................................ 6, 7

17

47 U.S.C. § 230(C) ......................................................................... 1, 5, 9

18

Pub. L. No. 104-104, 110 Stat. 56 (1996) ................................................ 1

19

20

**Executive Materials**

21

Executive Order 13,925, 85 Fed. Reg. 34079 (May 28, 2020) ....................... 7

22

23

24

25

26

27

28

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - ii -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

## **INTRODUCTION**

As part of this action seeking to impose liability for the alleged content moderation decisions of the Internet platform YouTube, Plaintiffs have raised a constitutional challenge to § 230(c) of the Communications Decency Act of 1996 ("CDA") (Pub. L. No. 104-104, § 509, 110 Stat. 56, 138, codified at 47 U.S.C. § 230(c)).  In seeking Rule 12(b)(6) dismissal of the operative complaint, YouTube has invoked the statute as an affirmative defense to Plaintiffs' claims, and Plaintiffs have responded by arguing, among other things, that the statute violates the First Amendment insofar as it shields YouTube from liability for Plaintiffs' claims. Plaintiffs also seek a declaratory judgment to that effect.

The United States intervenes today in response to Plaintiffs' constitutional challenge, as the United States did in the prior action to which this action is related, *Divino Group LLC v. Google LLC*, No. 5:19-cv-04749-VKD (N.D. Cal.) ("*Divino*"). The similarity of the cases is indicated by Plaintiffs' attachment of the United States' brief in intervention in *Divino* to the operative complaint in this action as Exhibit C.  The United States relies on the arguments in that brief in intervention, and limits its arguments herein only to points necessary to address matters not raised in the *Divino* brief.  *See* Ex. C to Rev. 2d Am. Compl ("SAC"), Doc. 27 at ECF pp. 227-43 ("U.S. *Divino* Br.").

*First*, under the doctrine of constitutional avoidance, this Court should start by deciding the statutory and common law arguments raised in the Rule 12(b)(6) motion, because those non-constitutional grounds may obviate the need for decision on any constitutional question.  *See Divino*, 2021 WL 51715, at *11 (N.D. Cal. Jan. 6, 2021) (declining to decide constitutional question, including because of avoidance doctrine).  Because the United States is intervening here for the limited purpose of defending the constitutionality of § 230(c), it does not take a position on whether Plaintiffs have plausibly alleged any claim for relief, or whether, if plausibly alleged, any claim falls within the liability limitation provided by § 230(c).

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 1 -
Case No. 5:20-cv-04011-LHK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 616-8488

1    *Second*, if the Court concludes that it must reach the constitutional question,

2    Plaintiffs' challenge should be rejected on the merits.  Section 230(c) does not

3    regulate Plaintiffs' primary conduct.   Instead, the statute establishes a rule

4    prohibiting liability for certain conduct by online platforms, including YouTube.

5    Assuming the liability prohibition is at issue in this action, that liability prohibition

6    would not violate the First Amendment because—as *Prager University v. Google*

7    *LLC*, 951 F.3d 991 (9th Cir. 2020) ("*Prager III*") squarely held—YouTube is not a

8    state actor capable of denying freedom of speech, and § 230(c) thus would not deny

9    Plaintiffs any constitutional claim they otherwise would have.  *See* U.S. *Divino* Br.

10   at ECF pp. 239-43.

11       Somewhat varying from their approach to the constitutional argument in

12   *Divino*, Plaintiffs now rely almost entirely on the plurality opinion in *Denver Area*

13   *Educational Telecommunications Consortium, Inc. v. FCC*, 518 U.S. 727 (1996),

14   in arguing that § 230(c) is unconstitutional.  But the *Denver Area* plurality opinion

15   cannot be read to support an expansion of the state action precedents applied in

16   *Prager III*.   *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 839-41 (9th Cir.

17   2017).  Plaintiffs have not alleged in this case a relationship between YouTube and

18   the government anywhere akin to the unusual relationship at issue in *Denver Area*.

19   So this Court need go no further than to follow *Prager III*, and hold that YouTube

20   is not a state actor constrained by the First Amendment.  *See Divino*, 2021 WL

21   51715, at *7 (following *AT&T Mobility* in refusing to extend *Denver Area*

22   plurality).

23       In short, as in *Divino*, if Plaintiffs' constitutional challenge in this action to

24   § 230(c) is reached after deciding all non-constitutional questions, that challenge

25   should be rejected.

26

27

28

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 2 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

## STATEMENT

The United States has previously described at length the statutory background concerning § 230(c) of the CDA, and accordingly will not repeat that background here.  *See* U.S. *Divino* Br. at ECF pp. 233-35.

Plaintiffs in this action describe themselves as "African American content creators" who make videos, including many that "discuss issues of importance to their communities."  SAC ¶¶ 1, 65(c); *see* SAC ¶ 56 (Plaintiffs "identify as African American, or" are in "other protected racial classifications under the law").  YouTube, owned by Google, is allegedly the dominant Internet video platform, with "complete, absolute, and 'unfettered' control over access to approximately 95% of all video content that is available to the public world-wide," and mastery over "posting" and "revenue monetization for the rights of the 2.3 billion consumers" who use YouTube.  SAC ¶ 39.

Plaintiffs allegedly contracted with YouTube, licensing it to distribute their videos while agreeing that YouTube retained various rights—including the right to enforce its community guidelines, and the right to determine "in its sole discretion" whether the videos contained "material . . . in violation of" the agreement.  SAC ¶¶ 102, 105; *see also* Defs.' Rule 12 Memorandum at 4, Doc. 29 (Nov. 2, 2020) ("Mem.") (describing platform's "content guidelines" as "designed to ensure that ads do not appear alongside videos with content that certain audiences might find objectionable").  YouTube "monetize[s]" the videos by selling advertisements for display along with them, and some Plaintiffs have paid YouTube to promote their videos (individually or grouped into channels) to potential viewers.  *See* SAC ¶¶ 42, 63, 65(d).  YouTube allegedly retains "unfettered 'discretion' to serve as sole 'censors' of content" on the site.  SAC ¶ 63.

One way that YouTube exercises that discretion is through its "Restricted Mode."  "Restricted Mode" works "much like a curtain" to "block[] access" by "younger, sensitive audiences to video content that contains certain specifically

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 3 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

enumerated 'mature' aspects." SAC ¶ 136.  When a viewer turns on "Restricted Mode" for a personal account (or when it is activated by a parent or system administrator, such as one acting on behalf of a public library, school, or other work place) and lands on a video placed in "Restricted Mode," YouTube displays a warning, stating that the video is unavailable and that to view the video the viewer would "need to disable Restricted Mode." SAC ¶¶ 24, 140, 325. YouTube allegedly tells viewers who inquire that videos are shunted into "Restricted Mode" when they include, among other things, "overly detailed conversations about or depictions of sex or sexual activity," "inappropriate language, including profanity," or other sensitive content.  SAC ¶¶ 65(c), 142, 144, 154.  "On average, 1.5–2% of users view YouTube through Restricted Mode." *See Prager III*, 951 F.3d at 996 (describing Restricted Mode).

YouTube has styled itself (including in testimony to Congress) as a "neutral public forum." SAC ¶¶ 79, 92.  But Plaintiffs allege YouTube has used its "monopoly power over the video posting and viewership market" against Plaintiffs, "because Defendants do not like or agree with the speakers' race, identity or point of view; or because Defendants are too cheap to actually review the videos posted to the platform, and desire to rely on inexpensive [Artificial Intelligence, or "A.I."], algorithms, and other filtering tools for purposes of selling advertisements and curating videos on YouTube." SAC ¶ 149.  In particular, Plaintiffs allege that YouTube placed some of their videos into "Restricted Mode," or rendered certain videos ineligible for generation of advertising revenue by "demonetizing" them, justified by YouTube's false assertions that the videos contained "inappropriate" content.  *See* SAC ¶¶ 65(a), 65(c), 474, 496; *see* SAC ¶¶ 182, 215, 251, 287, 327 (allegations regarding particular named Plaintiffs).  Plaintiffs allege that they have been "forc[ed]" to "self-censor," in that they "avoid or hide references" to "terms such as" "Black Lives Matter." SAC ¶ 65(a); *see* SAC ¶¶ 128, 190, 261.

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 4 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

1    According to Plaintiffs, the episodes of "Restricted Mode" and
2    demonetization misuse they allege are not isolated; rather, YouTube "increased the
3    racial profiling and 'targeting' of African American and members of other protected
4    racial classifications under the law who use YouTube." SAC ¶ 53. YouTube
5    purportedly has a "policy and practice of using A.I., algorithms, and other filtering
6    tools to classify, curate, censor, and sell advertisements for YouTube videos based
7    on metadata Defendants create from information regarding the race, identity and
8    viewpoint of creators, subscribers and viewers, rather than the content of the
9    videos." SAC ¶¶ 182, 215, 251; *see* SAC ¶¶ 54-55 (citing transcript of communication
10   with Google Support staff in Bangalore, India as allegedly constituting concession
11   by YouTube that it has a "pattern, practice or 'policy' of denying users equal access
12   . . . based on their race, sexual orientation, or other individual identities or
13   viewpoints").

14       Among other claims in their Complaint, Plaintiffs seek a declaration that 47
15   U.S.C. § 230(c), if applied "in any way to permit and immunize race, sex, or other
16   identity or viewpoint based profiling and regulation of content and access on
17   YouTube is unconstitutional *and violates the First Amendment*." SAC, Prayer for
18   Relief, ¶ 1(c) (emphasis added); *see* SAC ¶ 17(i) (summarizing relief sought as
19   including declaratory judgment that, *inter alia*, "Section 230(c) is an
20   unconstitutional 'permissive' speech restriction law"); *accord* SAC ¶¶ 109-11
21   (further summarizing Plaintiffs' theory of constitutional invalidity). Defendants
22   moved to dismiss under Rule 12(b)(6). Doc. 29 (Nov. 2, 2020) ("Mem."). They
23   contend that the SAC fails to state any facially plausible claim for relief. Mem. 7-
24   21. In the alternative, they assert that the claims are "separately barred," first, by
25   § 230(c)(1), because they seek to impose liability for YouTube's editorial decisions,
26   Mem. 21-22, and, second, by § 230(c)(2)(B), because the claims seek compensation
27   for "action[s]" YouTube took "to enable or make available" to viewers "the technical

28

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 5 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

1   means to restrict access" to material considered to be "objectionable." Mem. 22-23.

2   Defendants then assert that the statute is constitutional.  Mem. 23-25.

3       In opposing dismissal, Plaintiffs contend that YouTube's misconduct falls

4   outside § 230(c).  Pls.' Opp'n to Defs.' Mot. to Dismiss 20-24 (Doc. 43, Jan. 25, 2021)

5   (further revised and corrected version) ("Opp.").  Moreover, if § 230(c) is construed

6   to bar the claims, Plaintiffs argue that the statute is unconstitutional as applied,

7   because it is purportedly a "permissive speech law," akin to the statute at issue in

8   *Denver Area*.  Opp. 24-25.

9       This Court has not yet certified any constitutional question under 28 U.S.C.

10  § 2403 and Rule 5.1.  On February 9, 2021, the Court ordered that by March 22,

11  2021, "the government must file (1) a notice of intervention or non-intervention,

12  and (2) if the government so chooses, a response . . .  to Defendants' motion to

13  dismiss."  Doc. 49.

## ARGUMENT

14

15  **I.  The Court Should First Decide The Potentially Dispositive Statutory Issues Because They May Obviate The Need To Address Plaintiffs' Constitutional Challenge**

16

17      As an initial matter, this Court should not address the constitutionality of

18  § 230(c) unless the Court first determines that Defendants' motion to dismiss

19  cannot be resolved on non-constitutional grounds.  *See* U.S. *Divino* Br. at ECF pp.

20  238-39 (urging adherence to constitutional avoidance doctrine); *see also Divino*,

21  2021 WL 51715, at *11 ("bear[ing] in mind the doctrine of constitutional avoidance"

22  among several reasons for declining to decide constitutional challenge to § 230(c)).

23      This Court should adhere to that doctrine of constitutional avoidance here,

24  and decline to rule on the constitutionality of § 230(c) unless the motion to dismiss

25  cannot be resolved on other grounds.  Where "dispositive" statutory grounds may

26  be available, it is "incumbent on" this Court to examine and decide the case on those

27  grounds first.  *Cf. N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("Before

28  deciding the constitutional question, it was incumbent on [lower courts] to consider

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 6 -
Case No. 5:20-cv-04011-LHK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 616-8488

1  whether the statutory grounds might be dispositive.").  The United States is

2  intervening solely for the purpose of defending the constitutionality of § 230(c), and

3  takes no position on the merits of any non-constitutional issues, including whether

4  Plaintiffs' claims (if plausibly alleged) are claims for which Defendant cannot be

5  held liable under § 230(c).

6      In that regard, Plaintiffs' allegations regarding Executive Order 13,925

7  (SAC ¶¶ 374-77, 402-03) ("Order") are of no consequence to the motion to dismiss,

8  or to the United States's right to intervene in this action under 28 U.S.C. § 2403 or

9  through the Rule 5.1 process.  As an initial matter, the Order confers no rights on

10  Plaintiffs or any other private party enforceable in this action.  *See* Order § 8(c), 85

11  Fed. Reg. 34079, 34083 (May 28, 2020) ("This order . . . does not, create any right

12  . . . enforceable . . . by any party against the United States . . . or any other person").

13  In any event, Plaintiffs are wrong to assert that there is a "conflict" between the

14  Order and the United States' intervention in this action, given that the United

15  States is taking no position on whether Plaintiffs' alleged claims fall within the

16  scope of § 230(c), and nothing in the Order purports to take a position on the

17  constitutionality of § 230(c).  *See* Order §§ 1-2, 4(a), 85 Fed. Reg. at 34079-81.  Thus,

18  as in *Divino*, the Order has no effect on the motion to dismiss or on the

19  Government's intervention.  *See* 2021 WL 51715, at *4 (declining Plaintiffs' request

20  to take judicial notice of Order, because "the Executive Order has no bearing on

21  defendants' motion to dismiss").

22  **II. If The Court Reaches the Question, It Should Conclude That
    Section 230(c) Is Constitutional**

23
24      If the Court were to reach the constitutional question, it should conclude that

25  Plaintiffs' challenge fails on the merits.  *See* U.S. *Divino* Br. at ECF pp. 239-43.

26      In a variation on their constitutional challenge in *Divino*, Plaintiffs'

27  constitutional challenge now appears to focus solely on the plurality opinion in

28  *Denver Area*, 518 U.S. at 738-39, 766.  *Compare Divino* Pls.' Rule 12(b)(6) Opp. 19-

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 7 -
Case No. 5:20-cv-04011-LHK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 616-8488

21, 31-34 (Doc. 28) (Feb. 24, 2020) (not citing *Denver Area*), *with* Opp. 23-24, 28-30 (citing *Denver Area*).   But even that apparent distinction is merely a matter of emphasis:   The *Divino* Plaintiffs did explicitly rely on *Denver Area* in their brief responding to the United States' intervention brief.   *See Divino* Pls.' Resp. to U.S. Mot. to Intervene 1-2, 4-6 (Doc. 55) (May 26, 2020).   And the court in *Divino* considered and rejected Plaintiffs' contention that YouTube is a state actor constrained by the First Amendment, including Plaintiffs' argument based on *Denver Area*.   *See Divino*, 2021 WL 51715, at *6-7.

Plaintiffs' reliance on *Denver Area* is misplaced, as the court in *Divino* correctly reasoned.   The Ninth Circuit has squarely held that YouTube is not a state actor capable of violating the First Amendment.   *See Prager III*, 951 F.3d at 999.   And, accordingly, § 230(c) does not deprive Plaintiff of a First Amendment claim they would otherwise be able to maintain against YouTube.

*Denver Area* does not support a different conclusion.   *Denver Area* concerned § 10(c) of the Cable Television Consumer Protection and Competition Act of 1992, which regulated "public access channels" required by local governments for public, educational, and governmental programming, and permitted a cable system operator to allow or prohibit "programming" on those public access channels that the operator "reasonably believes . . . depicts sexual . . . . activities or organs in a patently offensive manner."   518 U.S. at 727.   The plurality opinion written by Justice Breyer concluded that there was state action sufficient to apply the First Amendment, and went on to invalidate that provision under strict scrutiny.   518 U.S. at 738-39, 766.

The *Denver Area* plurality did not, however, establish a separate "permissive speech" doctrine in the manner asserted by Plaintiffs.   Instead, the plurality grounded its state action analysis on the unique power wielded by cable system operators over leased and public access channels.   Indeed, the Ninth Circuit has interpreted *Denver Area* narrowly, emphasizing that it was a "splintered"

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 8 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**

decision, and underscoring that it warrants only a "confined reading," not a reading that suggests an expansion of state action precedent. *See AT&T Mobility*, 877 F.3d at 839-41.

Section 230(c) simply does not resemble the cable system statute invalidated by the *Denver Area* plurality. There, as *AT&T Mobility* summarized, "cable operators were empowered by statute to censor speech on public television, and as a result were 'unusually involved' with the government given their monopolistic-like power over cable systems." 877 F.3d at 841 (citing *Denver Area*, 518 U.S. at 739 (plurality op.), 782 (Kennedy, J., concurring in part, concurring in the judgment in part, and dissenting in part). But, as the court noted in *Divino*, 2021 WL 51715, at *7, such "unique characteristics of cable systems are not at issue here," 877 F.3d at 841. Plaintiffs have not alleged, and have no basis for alleging, government involvement in YouTube's activities akin to the "unusual[]" government "involve[ment]" at issue in *Denver Area*, and that decision is not a basis for concluding YouTube is a state actor subject to the First Amendment. *See Prager III*, 951 F.3d at 999; *AT&T Mobility*, 877 F.3d at 841; *see also Prager Univ. v. Google LLC ("Prager I")*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018) (concluding that *Denver Area* did not support contention that YouTube is a state actor), *aff'd*, 951 F.3d at 999.

*Denver Area* thus adds nothing to Plaintiffs' constitutional contention, and § 230(c) accordingly does not violate the First Amendment as alleged by Plaintiffs.

## CONCLUSION

For the foregoing reasons, in addition to those set forth by the United States in *Divino*, the Court should decide Defendants' Rule 12(b)(6) motion without reaching any constitutional question if possible. If the Court reaches Plaintiffs' challenge to the constitutionality of 47 U.S.C. § 230(c), it should reject the challenge.

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 9 -
Case No. 5:20-cv-04011-LHK

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 616-8488

DATED:  March 22, 2021     Respectfully submitted,

MICHAEL D. GRANSTON
*Deputy Assistant Attorney General*

ERIC WOMACK
*Assistant Branch Director*

INDRANEEL SUR
*Trial Attorney*

By:  */s/ Indraneel Sur*
     INDRANEEL SUR

U.S. Department of Justice
*Counsel for the United States of America*

UNITED STATES'S MEMORANDUM OF LAW IN SUPPORT OF
CONSTITUTIONALITY OF 47 U.S.C. § 230(c) - 10 -
Case No. 5:20-cv-04011-LHK

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 616-8488**