Peter Obstler/SBN 171623
pobstler@bgrfirm.com
Eric M. George/SBN 166403
egeorge@bgrfirm.com
Dennis Ellis/SBN 178196
dellis@bgrfirm.com
Debi A. Ramos/SBN 135373
dramos@bgrfirm.com
BROWNE GEORGE ROSS
    O'BRIEN ANNAGUEY & ELLIS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
310-274-7100; Facsimile: 310-275-5697

Attorneys for Plaintiffs Kimberly Carleste
Newman, Lisa Cabrera, Catherine Jones,
Denotra Nicole Lewis, Andrew Hepkins,
Harvey Stubbs, Khalif Muhammad, Keu
Reyes, and Osiris Ley

David H. Kramer/SBN 168452
dkramer@wsgr.com
Lauren Gallo White/SBN 309075
lwhite@wsgr.com
Kelly M. Knoll/SBN 305579
kknoll@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300; Facsimile: 650-565-5100

Brian M. Willen (Admitted *Pro Hac Vice*)
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
212-999-5800; Facsimile: 212-999-5801

Attorneys for Defendants Google LLC and
YouTube LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Kimberly Carleste Newman, Lisa Cabrera, Catherine Jones, Denotra Nicole Lewis, Andrew Hepkins, Harvey Stubbs, Khalif Muhammad, Keu Reyes and Osiris Ley,<br><br>Plaintiffs,<br><br>vs.<br><br>Google LLC, YouTube LLC, Alphabet, Inc. and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:20-cv-04011-LHK<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Judge:   Hon. Lucy H. Koh<br>Date:    July 28, 2021<br>Time:    2:00 p.m.<br>Crtrm.:  8 |

The parties to the above-entitled action respectfully submit this Amended Joint Case Management Statement & Proposed Order pursuant to the Court's Order dated July 1, 2021 (Dkt. 70), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule of Court 16-9.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

a.  The parties agree that jurisdiction over Plaintiffs' federal causes of action in the Second Amended Complaint ("SAC") arose under 28 U.S.C. §§ 1331, 1337(a), and 2201.

**Plaintiffs' Statement:**  Federal jurisdiction also arises under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA) because this lawsuit is representative action with at least 100 class members and "minimal diversity" exists between the parties because the citizenship of one or more the class members is different from that of any defendant and the aggregate amount in controversy exceeds $5 million.

**Defendants' Statement:**  Defendants do not agree that the SAC established that 28 U.S.C. § 1332(d) was an independent basis for jurisdiction in this case.

b.  No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiffs' Statement:**

a.  On June 16, 2020, Plaintiffs commenced this action on behalf of themselves individually and a putative class of similarly situated users of the global social media platform YouTube.

b.  Beginning at least sometime in 2016, and possibly earlier, and continuing through the present, Defendants have racially discriminated under contract, violate their own contractual promises, terms of service, and license agreements that date back to 2006, have unlawfully converted or failed to account and pay money due and owing Plaintiffs for intellectual property, and have engaged in unlawful business practices and false advertising.  In 2017, Defendants admitted that they were unlawfully "targeting" Plaintiffs and other users by using race and other personal

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED] ORDER

identity classifications to filter and block Plaintiffs' access to advertising, monetization, and other services on YouTube in violation of contractual promises and state and federal laws.  In addition to these and other admissions by Defendants, Defendants have been caught using algorithms, computer based tools, artificial intelligence, and other practices to filter, restrict, exclude, and/or block Plaintiffs' video content, channels, and access to services on YouTube based on race or identity, rather than on video material or content, in direct violation of Defendants' promise and statutory obligations to provide equal access to YouTube under neutral content based rules and guidelines that apply equally to all users regardless of their race, gender, sexual orientation, religion, political identity, or other trait.  Furthermore, beginning at least in 2020, Defendants unilaterally and with no basis or notice to Plaintiffs, began to change, manipulate, and reduce the view numbers and total view times of Plaintiffs' videos and channels, as well as those of tens of millions of other YouTube users.

c.  Defendants' conduct has caused and resulted in substantial financial and other harms, including lost revenue and income, harm to license and other property rights, conversion of Plaintiffs' property, and failure to account for and pay monetary and other valuable forms of consideration due and owing Plaintiffs and other YouTubers.  Defendants also continue to harm Plaintiffs and other similarly situated YouTubers by withholding, converting, and failing to pay revenues already earned, after Defendants removed videos or channels from the platform.  Finally, Defendants have converted and deprived Plaintiffs of the use and fair value of their intellectual property, video content, and data by archiving and removing many of Plaintiffs' videos and channels, without notice, and in many cases depriving Plaintiffs of any further access to their property, including original video content and material.

d.  At this time, the core factual issues on which Plaintiffs base their claims include:

d.(i)  Are Defendants considering or using Plaintiffs' race, gender, sexual orientation, identity, or viewpoints in any manner to filter, restrict, regulate, block, or affect on YouTube or access to services on the platform?

d.(ii)  Are Defendants filtering, restricting, blocking or otherwise affecting a user's content or access to YouTube in violation of YouTube's terms of service, license agreements, and other guidelines and promises to users?

d.(iii)  Are Defendants falsely representing to the market of YouTube users, viewers, subscribers and advertisers that Plaintiffs' videos contain material or content that is inappropriate, offensive, or otherwise violates YouTube's guidelines and rules?

d.(iv)  Have Defendants manipulated viewing, advertising data, or other data or otherwise failed to account for monetary or other consideration due and owing to third party users?

d.(v)  Have Defendants converted or otherwise deprived users of their property or intellectual property rights that arise from video content, data, or other property of users?

**Defendants' Statement:**

YouTube is a popular online service for sharing videos and related content. YouTube allows creators whose YouTube channels meet certain requirements to earn revenue from (or "monetize") their videos. The use of YouTube is governed by rules and policies that make clear that certain kinds of content—including harassment, hate speech, and other harmful or dangerous content—are not allowed and that YouTube has discretion to remove unwanted material from its service. *See* SAC ¶¶ 7 n.2, 75, 85, 349, 472. YouTube also offers a feature called Restricted Mode, an optional, opt-in setting that a small minority of users select to screen out content flagged as age-restricted or potentially adult. *Id.* ¶¶ 135-137.

Plaintiffs are individuals who identify as African American, Puerto Rican, or Mexican American and claim to have hosted their videos on YouTube over a period of more than five years. *Id.* ¶¶ 18-26. Plaintiffs' content includes videos titled "CANDACE OWENS IS A 'COON ARTIST'" and "What I Don't Like About Mexicans…", as well as videos depicting gory and simulated violence. *Id.* ¶¶ 18-26, 338, 340. No Plaintiff alleges that they are currently prohibited from uploading content to YouTube or from operating channels on YouTube's general service (that is, without Restricted Mode turned on). Plaintiffs' allegations are far more limited: they claim that YouTube removed (or failed to restore) a fraction of their videos, excluded some (but not all) of their videos from Restricted Mode, deemed some (but not all) of their videos

1   inappropriate for advertising (or "demonetized" them), and took other actions that allegedly
2   made it harder for viewers to find or access their videos and channels. Plaintiffs have attempted
3   to pile up these alleged actions, all of which are contractually permitted, and weave them into a
4   vaguely defined attack against Defendants.

5         For example, Plaintiffs contend that YouTube's algorithms "target" Plaintiffs or flag
6   videos on the YouTube platform based on race. But nothing in the SAC or Plaintiffs' supporting
7   documents plausibly suggests that YouTube or its algorithms consider race in any way to restrict
8   or demonetize users' content. In other words, Plaintiffs' factual allegations are based, at best, on
9   their own guesses about the reasons their videos were restricted or demonetized. As explained
10  further in Defendants' Motion to Dismiss the SAC, these allegations fail to state a claim for
11  relief even if accepted as true. But they are false. None of the Plaintiffs or their content has been
12  "targeted" or treated differently because of their race or ethnicity. Plaintiffs' allegations do not
13  reflect how YouTube actually operates, and while Plaintiffs may disagree with YouTube's
14  decisions about how to apply and enforce its content-based rules governing user content and
15  access to its platform, they are simply wrong to conflate those disagreements with racial or
16  ethnic discrimination. YouTube is committed to the cause of racial justice and anti-racism, and it
17  works to eradicate it, not to perpetuate it.

18  3.  Legal Issues
    *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific*
19  *statutes and decisions.*

20        The parties met and conferred following the Court's June 25, 2021 Ruling and Order
21  Granting Defendants' Motion to Dismiss With Leave to Amend (Dkt. No. 68).  The parties have
22  agreed to move forward with this dispute.  Plaintiffs have requested additional time to prepare and
23  file the Third Amended Complaint and a briefing schedule that is coordinated with the briefing
24  schedule for *Divino Group LLC v. Google LLC*, No. 5:19-cv-04749-VKD, and the anticipated
25  briefing schedule in the appeal by Prager University in *Prager University v. Google LLC*, No.
26  CV340667.  Defendants will respond to the Third Amended Complaint and intend to move for its
27  dismissal.

28

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

a. *Prior motions*:

a.(i)  The United States Government filed a Motion to Intervene, which was granted on February 9, 2021 (Dkt. 49);

a.(ii)  Defendants filed a Motion to Dismiss the SAC (Dkt. 29), which was granted on June 25, 2021 (Dkt. 68);

a.(iii)  Plaintiffs filed a Motion to Strike Defendants' Motion to Dismiss (Dkt. 39), which was denied on June 25, 2021 (Dkt. 68);

a.(iv)  Defendants filed an Administrative Motion for Leave to File Response to Plaintiffs' March 29, 2021 Submission (Dkt. 56), which was denied as moot on June 25, 2021 (Dkt. 68).

b. *Anticipated Motions*:

**Both parties:**  After meeting and conferring at length, subject to the Court's approval, the Parties have agreed as follows:  (i) Plaintiffs shall file their Third Amended Complaint on or before October 5, 2021; (ii) Defendants shall file their response to the Third Amended Complaint, including any Motion to Dismiss, on or before November 1, 2021; (iii) Plaintiffs shall file any Opposition papers on or before November 22, 2021; and (iv) Defendants shall file any Reply papers on or before December 14, 2021.

Thereafter, if this case proceeds, Plaintiffs and Defendants likely will file cross-motions for summary adjudication/judgment.

**Plaintiffs' Statement:**  Plaintiffs intend to file a motion to certify a class of similarly situated YouTube users.  Furthermore, in the event that Plaintiffs and Defendants are unable to reach an agreement on preserving the status quo, Plaintiffs may decide to file an application for Preliminary Injunction (1) to prevent Defendants from further intentional breaches of the contract; (2) to prevent Defendants from further unilaterally amending or changing the contract; (3) to require Defendants to equally enforce the Community Guidelines and Terms of Service in response to flags and complaints made by members of the class; and (4) to prohibit Defendants from demonetizing, issuing warnings and/or strikes or removing videos and channels of the members of

the class without first demonstrating that specific content posted constitutes a violation of the contract.

**Defendants' Statement:**  Defendants would oppose any application for Preliminary Injunction. Defendants do not currently contemplate filing other motions, but they reserve the right to do so.

5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**Plaintiffs' Statement:**

To accommodate the parties' briefing schedule for Defendants' Motion to Dismiss in *Divino Group LLC v. Google LLC*, No. 5:19-cv-04749-VKD, and the anticipated contemporaneous briefing schedule in the appeal by Prager University in *Prager University v. Google LLC*, No. CV340667,  Plaintiffs are requesting additional time to file a Third Amended Complaint, through October 5, 2021.  The Third Amended Complaint will:  (i) identify additional specific Plaintiffs who are protected from discrimination under 42 U.S.C. § 1981(b) and the Unruh Civil Rights Act, Cal. Civ. Code §§51 *et seq*., and/or are members of the putative class for which certification is sought; (ii) plead additional factual allegations of race discrimination and unlawful conduct that occurred or were discovered after the filing of the Second Amended Complaint (the "SAC") on September 21, 2020 (Dkt. 27); (iii) add two claims for (a) violation of Plaintiffs' privacy rights and (b) unjust enrichment, both of which are derivative and based on the contracts and allegations already alleged in the SAC; and (iv) to the extent that the Court declines to infer federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), to add those jurisdictional allegations.

**Defendants' Statement:**

Defendants believe that any amendment to the Second Amended Complaint would be futile.  However, subject to the Court's June 25, 2021 Order (Dkt. No. 68), Defendants do not oppose the briefing schedule as proposed by Plaintiffs above.

6.  Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

**Plaintiffs' Statement:**

The parties have reviewed the ESI Guidelines, understand their respective obligations to preserve all information that may lead to the discovery of evidence with respect to the subject matter of the lawsuit, and have taken reasonable necessary steps to preserve that information. The parties will meet and confer to confirm that they have met their obligations under Federal Rule of Civil Procedure 26.

**Defendants' Statement:**

Defendants certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Defendants have taken reasonable and proportionate steps to preserve evidence related to the issues presented in the action, consistent with the requirements of the Federal Rules of Civil Procedure and this Court's ESI Guidelines.

7. Discovery

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

**Plaintiffs' Statement:**

No disclosures have been made as of the date of this submission. Plaintiffs stand ready to meet and confer immediately and to agree upon a schedule regarding the deadline for making disclosures and a reasonable discovery plan as provided for under Rule 26 of the Federal Rules of Civil Procedure.

**Defendants' Statement:**

Defendants object to initial disclosures prior to issuance of the Court's ruling on Defendants' forthcoming response to the Third Amended Complaint. Should any part of Plaintiffs' case proceed past the pleadings, Defendants agree to meet and confer within two weeks of any order denying Defendants' Motion to Dismiss the Third Amended Complaint to discuss and agree to a reasonable discovery plan, including a date to exchange initial disclosures.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

a.  Discovery to date:  No discovery has been taken to date. The parties have not identified any discovery disputes at this time.

b.  Anticipated future discovery:  If this case and *Divino Group LLC v. Google LLC*, No. 19-CV-04749-VKD, proceed beyond the motion-to-dismiss stage, the parties have agreed to endeavor to coordinate discovery in the two cases.

**Plaintiffs' Statement:**  Plaintiffs intend to serve the following discovery requests:

a)  Requests for Production of Documents and Things both with respect to class wide issues and with respect to the videos and channels of the named Plaintiffs.

(b)  Requests for Admission in anticipation of filing a Motion for Summary Judgment/Adjudication and to narrow the factual issues to be proven at trial.

(c)  Special Interrogatories regarding both with respect to class wide issues and with respect to the videos and channels of the named Plaintiffs.

(d)  Deposition Notices for Defendants' employees, engineers and artificial ethics team members who have knowledge about the subject matter and allegations of the operative pleadings and other statements or information that bear on the allegations in this case.

(e)  Third party subpoenas for testimony and documents.

**Defendants' Statement:**  Defendants believe it is premature to discuss the full scope of discovery or a schedule for discovery before the Third Amended Complaint has been filed or Defendants have had the opportunity to respond to it, and while the pleadings are not yet settled. Should any part of Plaintiffs' case proceed past the pleadings, the parties agree to meet and confer within two weeks of any order denying Defendants' Motion to Dismiss the Third Amended Complaint to discuss and agree to a reasonable discovery plan.

c.  Proposed limitations or modifications of discovery rules:

**Plaintiffs' Statement:**  No limitations or modifications are agreed to nor anticipated at this time.

**Defendants' Statement**:  Defendants believe that the default limitations on discovery set out in the Federal Rules should apply and that the parties should work together to reach agreement on a mutual expansion if one becomes necessary.

d.  Stipulated e-discovery proposed order:

**Plaintiffs' Statement:** The parties will meet and confer to negotiate a stipulated proposed e-discovery order. If no agreement can be reached, the Plaintiffs agree to use the standard form e-discovery order.

**Defendants' Statement:** Defendants agree to meet and confer to reach agreement on an ESI protocol to govern electronic discovery if and when discovery opens.

e. Stipulated protective order:

**Plaintiffs' Statement:** The parties will meet and confer to negotiate a stipulated proposed protective order. If no agreement can be reached, the Plaintiffs agree to use the standard form protective order for the U.S. District Court for the Northern District of California.

**Defendants' Statement:** If and when discovery opens, Defendants agree to discuss and seek to reach agreement with Plaintiffs on a pretrial Protective Order to govern disclosure of personal, confidential information; trade secrets; and proprietary or other confidential commercial information. Defendants do not currently anticipate any issues relating to claims of privilege or claims of protection as to work-product material, but they plan to include a Rule 502(d) provision in their proposed Protective Order regarding any disclosure of privileged information.

9. <u>Class Actions</u>
*If a class action, a proposal for how and when the class will be certified.*

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:**

Plaintiffs intend to file a motion for class certification after merits and class discovery are completed. In light of the systemic allegations and form consumer contracts at issue in this case, discovery should not be bifurcated with respect to issues regarding the merits or class.

**Defendants' Statement:**

Defendants intend to oppose class certification. Defendants believe it is premature to discuss the potential bifurcation of merits and class discovery at this stage of the case.

10. <u>Related Cases</u>
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

**Plaintiffs' Statement:**

For coordination of discovery purposes only:  *Divino Group LLC v. Google LLC, et al.*, No. 19-CV-04749-VKD (N.D. Cal.).[1]

**Defendants' Statement:**

Defendants identify the following pending cases, which are based on the same underlying conduct at issue in this case: the removal, demonetization, or restriction of access to material on YouTube, and which involve the same Plaintiffs' counsel and many of the same claims asserted in this action, asserted against one or more of the Defendants:

-   *Divino Group LLC v. Google LLC*, No. 5:19-cv-04749-VKD (N.D. Cal.) (DeMarchi, J.)

-   *Prager University v. Google LLC*, No. CV340667 (Cal. Super. Ct.), *appeal filed*, No. H047714 (Cal. Ct. App.)

Defendants note that, while this case (like *Divino*) was initially assigned to Judge DeMarchi (*see* Dkt. 5), Plaintiffs declined magistrate judge jurisdiction in this case (*see* Dkt. 9). Defendants do not oppose Plaintiffs' proposal that the parties seek to coordinate proceedings in the two cases, but the propriety and extent of any coordination will depend on how, if at all, the two cases proceed.

11. <u>Relief</u>
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiffs' Statement:**

a.  The Complaint alleges thirteen causes of action.  Plaintiffs seek injunctive relief; declaratory relief: restitutions; and compensatory, statutory and exemplary damages in an amount to be determined at trial in excess of $5 million.

b.  Defendants have not filed a Counterclaim.

---

[1] This case does not meet the requirements for related cases under the Federal Rules of Civil Procedure, but Plaintiffs have proposed to coordinate discovery for the two cases.

**Defendants' Statement:**

Defendants do not believe that Plaintiffs are entitled to any relief in this case, and Defendants seek denial of any such relief as well as dismissal of all of Plaintiffs' claims.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

a.  No ADR efforts have been made.

b.  No ADR efforts are anticipated until after the Court rules on Defendants' Motion to Dismiss the Third Amended Complaint.

**Plaintiffs' Statement:**  Plaintiffs are amenable to mediation, but not arbitration or ENE.

**Defendants' Statement:**  Defendants believe prospects for settlement are low given the parties' very different view of the underlying facts and the nature of the demands that Plaintiffs have made, but are open to ADR following a ruling on the forthcoming motions.

c.   The parties have complied with ADR L.R. 3-5 and filed the required ADR certification on May 19, 2021.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

____ YES    _X_   NO

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**Plaintiffs' Statement:**

a.  *See* Response to Item14 above.

b.  Prompt and efficient discovery, including disclosure by Defendants of the computer code, architecture, and complete information used to filter, block, or regulate content, user access, and user services on YouTube will greatly expedite the presentation of evidence at trial.

c.  No issues have been identified for purposes of bifurcation at this time.

**Defendants' Statement:**

a.  Defendants believe that, because this case is still in its initial stages, there are presently no issues that can be narrowed by agreement or motion.

b.  Defendants believe it is premature to discuss the full scope of discovery, and any potential bifurcation of discovery, at this time before the Third Amended Complaint has been filed or Defendants have had the opportunity to respond to it, and while the pleadings are not yet settled. In the event that this case proceeds, Defendants do not agree that the disclosure of Defendants' highly confidential and sensitive computer code, architecture, "complete information used to filter, block, or regulate content," and other technical information is likely to be necessary or appropriate.

16.  <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this action is appropriate for Expedited Trial Procedure.

17.  <u>Scheduling</u>

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**Both parties:**  After meeting and conferring following this Court's June 25, 2021 Order (Dkt. No. 68), subject to the Court's approval, the parties propose the following schedule:

(a)  The Case Management Conference currently set for July 28, 2021 at 2:00 p.m. before this Court shall be continued to a date after the hearing for Defendants' Motion to Dismiss the Third Amended Complaint;

(b)  Plaintiffs shall file their Third Amended Complaint on or before October 5, 2021;

1  (c)   Defendants shall file their response to the Third Amended Complaint, including any

2  Motion to Dismiss, on or before November 1, 2021;

3  (d)   Plaintiffs shall file any Opposition papers on or before November 22, 2021; and

4  (e)   Defendants shall file any Reply papers on or before December 14, 2021.

5  **Plaintiffs' Statement:**

6  Following the Court's Ruling on Defendants' Motion to Dismiss the Third Amended

7  Complaint, the parties shall meet and confer regarding a discovery schedule.  In the event that the

8  parties cannot reach an agreement on a discovery schedule, Plaintiffs propose the following

9  deadlines:

10  a.  Completion of initial ADR session -- 105 days following the Case Management Conference.

11  b.  Completion of initial disclosures – 75 days following the Case Management Conference.

12  c.  Designation of experts – 300 days following the Case Management Conference.

13  d.  Discovery cutoff – 360 days following the Case Management Conference.

14  e.  Dispositive motions -- 390 days following the Case Management Conference.

15  f.  Pretrial conference – 450 days following the Case Management Conference.

16  g.  Trial – 470 days following the Case Management Conference.

17  **Defendants' Statement:**

18  Defendants do not agree to a discovery schedule at this time. Defendants believe that it is

19  premature to establish dates for designation of experts, discovery cutoff, hearing of further

20  dispositive motions (beyond Defendants' forthcoming Motion to Dismiss the Third Amended

21  Complaint), pretrial conference, and trial. Should any part of Plaintiffs' case proceed past the

22  pleadings, the parties agree to meet and confer within two weeks of any order denying

23  Defendants' Motion to Dismiss the Third Amended Complaint to discuss a reasonable discovery

24  plan, including a date to exchange initial disclosures.

25  18.  Trial
   *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

26

27  **Plaintiffs' Statement:**

28  Plaintiffs have requested a trial by jury for those claims to be tried by a jury.

**Defendants' Statement:**

Plaintiffs have requested a jury trial. Defendants believe it is premature to formulate a view concerning the expected length of any trial in the event that this case proceeds beyond the motion-to-dismiss phase.

19. Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiffs' Statement:**

Plaintiffs filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on May 18, 2021.

Pursuant to Civil L.R. 3-15, Plaintiffs certify that other than the named parties, no other person, firm, partnership, corporation or other entities known by the Plaintiffs has either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendants' Statement:**

Defendants filed their Corporate Disclosure Statement and Certification of Interested Entities or Persons on July 9, 2020. *See* Dkt. 15. Pursuant to Federal Rule of Civil Procedure 7.1, Google LLC and YouTube, LLC disclose the following:

1. Alphabet Inc. is a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock.

2. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.

3. YouTube, LLC is a subsidiary of Google LLC.

Pursuant to Civil L.R. 3-15, the undersigned counsel for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in

1  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

2  matter or in a party that could be substantially affected by the outcome of this proceeding:

3          1.   YouTube, LLC

4          2.   Google LLC

5          3.   XXVI Holdings Inc., Holding Company of Google LLC

6          4.   Alphabet Inc., Holding Company of XXVI Holdings Inc.

7  20.  Professional Conduct
   *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the*
8  *Northern District of California.*

9          The attorneys for the parties have reviewed the Guidelines for Professional Conduct for the

10 Northern District of California.

11 21.  Other
   *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*
12

13         The parties are not presently aware of any other matters that would facilitate the just,

14 speedy, and inexpensive resolution of this action.

15

16 Dated: July 21, 2021

17

18                                          _____

19 Debi Ramos                         Counsel for Plaintiffs

20

21 Dated: July 21, 2021               */s/  Brian M. Willen*
                                       _____
22 Brian Willen                       Counsel for Defendants

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Kimberly Carleste Newman, Lisa Cabrera, Catherine Jones, Denotra Nicole Lewis, Andrew Hepkins, Harvey Stubbs, Khalif Muhammad, Keu Reyes and Osiris Ley, | Case No. 5:20-cv-04011-LHK |
| Plaintiffs, | **[PROPOSED] SCHEDULING ORDER** |
| vs. | (Filed Concurrently with the Joint Amended Case Management Report) |
| Google LLC, YouTube LLC, Alphabet Inc. and Does 1 through 100, inclusive, | Judge:    Hon. Lucy H. Koh |
| Defendants. | Trial Date:       None Set |

17

18

19

20

21

22

23

24

25

26

27

28

Having considered the Joint Amended Case Management Report and the Parties' requested schedule for Plaintiffs to file the further amended Complaint, and their requested briefing schedule for Defendants' Motion to Dismiss, all papers on file and good cause appearing therefore,

IT IS HEREBY ORDERED:

(1)    The Case Management Conference currently set for July 28, 2021 at 2:00 p.m. before this Court shall be continued;

(2)    Plaintiffs shall file their Third Amended Complaint on or before October 5, 2021;

(3)    Defendants shall file their response to the Third Amended Complaint, including any Motion to Dismiss, on or before November 1, 2021;

(4)    Plaintiffs shall file any Opposition papers on or before November 22, 2021; and

(5)    Defendants shall file any Reply papers on or before December 14, 2021.

**IT IS SO ORDERED.**

Dated: _____                _____
                                                                       Honorable Lucy H. Koh
                                                                       United States District Court Judge